IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SILVER BAY PROPERTY MANAGEMENT, LLC<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES TAYLOR, CAROLINE TAYLOR, and all other occupants,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:15-CV-02534-TWT-LTW |

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendants Charles Taylor and Caroline Taylor's ("Defendants") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). The Affidavit of Poverty indicates that Defendants are unable to pay the filing fee or incur the costs of these proceedings.[1]  Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendants motion to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). For the reasons outlined below,

---

[1] The Court notes that only one Application to Proceed in District Court Without Prepaying Fees or Costs was filed and signed by Defendants Charles and Caroline Taylor. See Doc. 1. Notably, Presumably, both Defendants are listed on the Affidavit for Summons of Dispossessory filed in the Magistrate Court of Douglas County. See Docket Entry [1-1, pp. 2]. Because the undersigned is recommending a remand and dismissal of this action, the Court will assume, without deciding, that both Defendants are seeking leave to proceed *in forma pauperis*.

however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Douglas County.

## PROCEDURAL BACKGROUND FACTS

On or about June 30, 2015, pursuant to Georgia law, Plaintiff Silver Bay Property Management LLC ("Silver Bay") filed a dispossessory proceeding in the Magistrate Court of Douglas County in an attempt to evict Defendants for failure to pay rent. (See Affidavit for Summons of Dispossessory Warrant, attached at Doc. 1-1, p. 2). Defendants appear to argue, without any factual support, that this Court has federal question jurisdiction over the matter on the grounds that their defenses and counterclaims invoke original and supplementary jurisdiction pursuant to 28 U.S.C. § 1446, 42 U.S.C. § 1983, and 28 U.S.C. § 1367. Defendants' defenses and counterclaims do not give them the authority to remove this action.

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2

District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

To the extent that Defendants contend that federal jurisdiction over this case is conferred because they cursorily mention in their Notice of Removal, without any factual support, that their rights under 42 U.S.C. § 1983 were violated, Defendants are in error. A federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Instead, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).  Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored.

3

Vaden v. Discover Bank, 556 U.S. 49, 59 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In the present case, Silver Bay relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Douglas County. No federal question is presented on the face of Silver Bay's Complaint. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system. O.C.G.A. § 44-7-50, et seq.

Additionally, the Defendants have not included any facts in their Petition for Removal of Action to support the existence of diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Neither Defendants' Petition for Removal nor Silver Bay's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. The civil cover sheet Defendants filed with their removal petition indicates that both Plaintiff and Defendants reside in Georgia. (Doc. 1-2). Silver Bay simply seeks possession of the rental premises and past due rent in an amount that falls well below the jurisdictional threshold. (Doc. 1-1, p. 2). A claim seeking

4

ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.  Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002).  For these reasons, this Court finds that federal subject matter jurisdiction does not exist.  Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Douglas County.

## CONCLUSION

Based on the foregoing reasons, Defendants' motion to proceed *in forma pauperis* is **GRANTED**.  (Doc. 1).  Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Douglas County.  As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 31 day of July, 2015.

/s/ LINDA T. WALKER  
LINDA T. WALKER  
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SILVER BAY PROPERTY
MANAGEMENT LLC

    Plaintiff,

v.

CHARLES TAYLOR, CAROLINE
TAYLOR, and all other occupants,

    Defendants.

CIVIL ACTION NO.
1:15-CV-02534-TWT-LTW

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will

AO 72A
(Rev.8/82)

be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. Mitchell v. United States, — F. App'x —, 2015 WL 2145573, at *3 (11th Cir. May 8, 2015); 11th Cir. R. 3-1.  In the absence of a proper objection, however, the appeals court may review the matter on appeal for plain error if necessary in the interest of justice. Mitchell, 2015 WL 2145573, at *3; 11th Cir. R. 3-1.  The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this   31   day of July, 2015.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)